UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. FERLAND,<br>          Plaintiff<br><br>v.<br><br>PAUL NORTON, et. al.,<br>          Defendants. | )<br>)<br>)<br>)<br>)          C.A. No. 05-11217-NG<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

For the reasons stated below, (1) Plaintiff's motion to Proceed *in forma pauperis* is

allowed and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b); (2) Plaintiff is directed to

show cause within forty-two (42) days of this Memorandum and Order, why the claim against

Defendant Superintendent Paul Norton, and the claim regarding cell conditions, should not be

dismissed; (3) Summonses shall issue with respect to Defendants Kenneth Silva, Kevin Slattery,

and Jack Crowley, with costs of service to be paid by the United States Marshal's Office; and (4)

The portion of Plaintiff's Application to Proceed *in forma pauperis* containing confidential

identifying information shall be redacted in accordance with Local Rule 5.3.

FACTS

On June 6, 2005, Plaintiff James Ferland, a state prisoner at the Billerica House of

Corrections, filed a *pro se* § 1983 civil rights complaint against Superintendent Paul Norton,

Deputy Kenneth Silva, Captain Kevin Slattery, and Officer Jack Crowley.   Plaintiff alleges

violations of his rights in connection with disciplinary proceedings against him.  He also

complains about his cell conditions upon his arrival at the prison.

More specifically, Plaintiff alleges that upon his arrival to the prison, he was confined in a cell with unsanitary conditions, including the presence of spiders, roaches, and sewage puddles. Complaint at ¶ 5. He maintains that he was not placed in confinement as a punitive measure, but merely upon arrival to the facility. Id. at ¶ 6. Plaintiff then alleges that Officer Conley came in and searched his cell, in violation of standard cell searching policies. Id. at ¶ 8. Another officer then told him that they found "what appears to be crack" in his cell. Id. at ¶ 9. Plaintiff denied ownership and any knowledge of the presence of the drugs. Id. at ¶ 10. Plaintiff was then strip- searched and brought to Deputy Silva's office. Id. at ¶¶ 11-13. Plaintiff alleges that he was then taken to a disciplinary hearing held by Officer Jack Crowley, but claims that his disciplinary sanctions were already pending prior to the hearing. Id. at ¶¶ 14-15. He was then found guilty and sanctioned with 20 days segregation, which was then followed by an additional 21 day segregation. Id. at ¶¶16-17.

After 44 days of confinement, Plaintiff was released and later ascertained from an inmate that the drug charges had been dropped. Id. at ¶¶ 18-19. Plaintiff claims he never received the results of the drug test prior to the disciplinary hearing, and he asserts the test was negative. Id. at ¶ 19. Plaintiff asserts that his right to due process of law was violated by the Defendant tribunal members, since there was inadequate evidence supporting the drug charges against him. Id. at ¶ 21-23. Plaintiff claims each of the named defendants, except for Superintendent Norton, were members of the disciplinary tribunal. Id. at ¶ 3. He also claims Officer Crowley was not an impartial hearing officer. Id. at ¶ 23. He seeks monetary damages and injunctive relief against the Defendants.

Accompanying his Complaint, Plaintiff filed an Application to Proceed Without

Prepayment of Fees and an uncertified  prison account statement.

DISCUSSION

I.        Application to Proceed Without Prepayment of Fees

A review of Plaintiff's request to Proceed Without Prepayment of fees demonstrates that

Plaintiff is without sufficient funds to pay the $250 filing fee.  Accordingly, Plaintiff's

Application to Proceed *in forma pauperis* is allowed.  However, although prisoner litigants may

file applications for fee waiver under 28 U.S.C. § 1915, they are only excused from having to

pay the entire filing fee up-front.  Therefore, by separate Order, Plaintiff shall be assessed an

initial partial filing fee, with periodic installment payments to be made pursuant to § 1951(b)(1).

II.  Plaintiff's Complaint is Subject to Screening

Because Plaintiff is a prisoner, he is subject to the screening provisions of the Prison

Litigation Reform Act.  The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of

Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court

the authority to screen and dismiss prisoner complaints.  See 28 U.S.C. § 1915 (proceedings *in*

*forma pauperis*); 28 U.S.C. § 1915A (screening of suits against governmental officers and

entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to

proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact,

Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which

relief may be granted or seeks monetary relief against a defendant who is immune from such

relief.  See 28 U.S.C. § 1915(e)(2).  Complaints filed i*n forma pauperis* may be dismissed *sua*

*sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal

theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-

33 (1992).

Additionally, 28 U.S.C. § 1915A authorizes the Court to review prisoner complaints in

civil actions that seek redress from a governmental entity or officers or employees of a

governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid

the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from

a defendant immune from such relief.  Id.

Even construing his pleadings generously, Haines v. Kerner, 404 U.S. 519, 520 (1972),

Plaintiff's Complaint is subject to dismissal in its entirety or in part, for the reasons stated below.

III.    Plaintiff's Complaint is Subject to Dismissal in Whole or Part

A.  Section 1997e Requirement for Exhaustion of Remedies

Section 1997e(a) provides that no action shall be brought with respect to "prison

conditions" under § 1983 by a prisoner "until such administrative remedies as available are

exhausted."  42 U.S.C. § 1997e(a).  Prison conditions, for purposes of § 1997e(a), have been

broadly interpreted to include "all inmate suits about prison life."  Porter v. Nussle, 534 U.S.

516, 532 (2002).  Plaintiff's claims about his cell conditions upon arrival, and his complaint

about disciplinary sanctions imposed on him  involve "prison conditions" and are therefore

subject to the exhaustion of remedies requirement.  See id.; accord Menina-Claudio v.

Rodriguez-Mateo, 292 F.3d 31, 34 (1st Cir. 2002).

Moreover, the fact that a plaintiff may seek injunctive relief is insufficient to overcome

the exhaustion requirement.  See Booth v. Churner, 532 U.S. 731, 740 (2001) (a prisoner must

exhaust all available administrative processes regardless of the relief offered through those

procedures); accord Menina-Claudio, 292 F.3d 31, 35 (1ˢᵗ Cir. 2002)(no futility exception to the

exhaustion requirement); cf. Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002) (citation

omitted) (although the exhaustion requirement is not jurisdictional, it is mandatory). Plaintiff

has not shown that he exhausted remedies within the prison, and therefore, the failure to exhaust

stands as an adequate grounds to dismiss this action.[1] The Court will not, however, dismiss this

action at this time, and will permit summonses to issue with respect to Defendants Silva,

Slattery, and Crowley, so that a response may be filed.

However, with respect to Defendant Paul Norton, Superintendent of Billerica House of

Corrections, the Court will not authorize a summons to issue at this time, and directs that

Plaintiff show cause within forty-two (42) days of the date of this Memorandum and Order, why

this action should not be dismissed for the reasons stated below.

B.   Claims about Cell Conditions Upon Arrival

Although Plaintiff asserts that he was placed in a cell with unsanitary conditions, for 23

hours, he does not assert any specific claims in this regard, nor does he identify any person

responsible for this. He does not claim that such placement was done with deliberate

indifference to his health and safety needs, nor that any of the defendants had, or should have

had, knowledge of these conditions, or that he requested the matter be rectified. He also does not

include such a claim in the "Causes of Action" portion of his Complaint. It is therefore unclear

from the Complaint whether Plaintiff makes these allegations by way of background, or whether

he meant to assert this as a separate and distinct claim for relief apart from the disciplinary

---

[1]Plaintiff claims the damage has been done since he has served the time in segregation.

sanctions claim.  Accordingly, at this juncture, Plaintiff has failed to comply with Rule 8(a) of

the Federal Rules of Civil Procedure.  Rule 8(a) of the Federal Rules of Civil Procedure requires

a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give

the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests,"

Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41,

47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense,"

Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral

Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  "In a civil rights action ..., the complaint

should at least set forth minimal facts as to who did what to whom, when, where, and why."

Educadores PuertorriqueZos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Although

"the requirements of Rule 8(a)(2) are minimal ... minimal requirements are not tantamount to

nonexistent requirements."  Id.  (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.

1988)).

Based on the above, the Court finds the claim with respect to cell conditions fails to meet

the requirements of Rule 8(a), and shall be dismissed unless Plaintiff demonstrates good cause,

within forty-two (42) days, why this claim should not be dismissed.

### C.  Claims against Superintendent Nolan

Plaintiff's claims with respect to Defendant Norton are also subject to dismissal.  In order

to state a § 1983 claim, a plaintiff must allege (1) that the conduct complained of was committed

by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of

rights, privileges or immunities secured by the Constitution or laws of the United States.

Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 32 (1st Cir. 1996) (citing Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992)).

In the instant case, Plaintiff fails to meet this second prong with respect to Defendant Norton. To the extent Plaintiff's complaint asserts that Paul Norton is liable under § 1983 for the actions of prison staff or members of the Disciplinary Board, Plaintiff's claims against this Defendant are subject to dismissal because there is no *respondeat superior* liability based on actions of their employees. Liability under § 1983 is direct, not vicarious. Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no *respondeat superior* liability under § 1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights). see Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir. 1987).  Because liability cannot be based solely on an employer-employee relationship with a tortfeasor, and because Plaintiff has not asserted any basis for direct liability of Superintendent Paul Norton, Plaintiff's claims against this Defendant are subject to dismissal.  See Rodriguez-Vazquez v. Cintron-Rodriguez, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001) (dismissing claims, allegation that defendant was "ultimately responsible for the selection and/or supervision and/or training and/or discipline of his subordinates" was insufficient).

In light of all of the above, Plaintiff shall demonstrate in writing, within forty-two (42) days of the date of this Memorandum and Order why the claims against Paul Norton, and the claims regarding cell conditions, should not be dismissed.

IV.    Summonses Shall Issue as to Certain Defendants

Notwithstanding the all or portions of this action are subject to dismissal, it is Further Ordered that the Clerk shall issue summonses as to Defendants Silva, Slattery, and Crowley, and

the United States Marshal shall serve a copy of the summonses, complaint, and this

Memorandum and Order upon Defendants as directed by Plaintiff,  with all costs of service to be

advanced by the United States.  Plaintiff is advised that it is his responsibility to ensure proper

service of process in accordance with the Federal Rules of Civil Procedure and Local Rule 4.1.

> V.      Redaction of a Portion of the Application to Proceed *in forma pauperis*

Accompanying Plaintiff's Application to Proceed *in forma pauperis* is a financial

disclosure statement which, although it appears to be "whited-out," reveals confidential

identifying information (i.e., social security number, date of birth).  In accordance with Local

Rule 5.3. the clerk shall redact that information from the pleadings and docket.  However, the

parties are advised that, pursuant to Local Rule 5.3(C), "the responsibility for redacting these

personal identifiers rests solely with counsel and the parties.   The Clerk will not review each

pleading for compliance with this rule." Id.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1.    Plaintiff's Motion to Proceed *in forma pauperis* is allowed and the filing fee is assessed
      pursuant to 28 U.S.C. § 1915(b);

2.    Plaintiff shall, within forty-two (42) days of the date of this Memorandum and Order,
      show cause in writing why the claims against Defendant Superintendent Paul Norton, and
      the claims regarding cell conditions should not be dismissed;

3.    Summonses shall issue with respect to Defendants Kenneth Silva, Kevin Slattery, and
      Jack Crowley, with costs of service to be paid by the United States Marshal's Office;

4.    The portion of the Plaintiff's Application to Proceed *in forma pauperis* containing
      confidential identifying information shall be redacted, pursuant to Local Rule 5.3.

SO ORDERED.                                    /s/ Nancy Gertner
                                               NANCY GERTNER
DATED: June 30, 2005                           UNITED STATES DISTRICT JUDGE