UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES M. FERLAND,<br>　　　Plaintiff | )<br>)<br>)<br>) |  |
| v. | )<br>) | C.A. No. 05-11217-NG |
| PAUL NORTON, et. al.,<br>　　　Defendants. | )<br>)<br>)<br>) |  |

FURTHER MEMORANDUM AND ORDER

GERTNER, D.J.

　　Plaintiff James Ferland, a state prisoner at the Billerica House of Corrections, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in connection with disciplinary proceedings against him, arising out of a search and seizure of drugs from Plaintiff's cell. Plaintiff denied possession and use of any drugs, and asserts his was denied due process with respect to the disciplinary hearing. He claims that after 44 days of segregation, Plaintiff was released and later ascertained that the drug charges had been dropped, and that the drug test taken prior to the disciplinary hearing, which he was unable to use in his defense, was negative.

　　On June 30, 2005 a Memorandum and Order (#4) issued directing Plaintiff to show cause within forty-two (42) days why the claim against Defendant Superintendent Paul Norton, and the claim regarding cell conditions, should not be dismissed. Subsequently, Plaintiff filed a Show-Cause response asserting compliance with Rule 8(a) of the Federal Rules of Civil Procedure. Additionally, Plaintiff's alleges Defendant Norton is liable for "his inaction in curing deficiencies in the disciplinary proceedings of which he was aware of." Response at 1. Plaintiff also contends Defendant failed to conduct "at least a minimal investigation to determine

whether [there] was any merits to plaintiff's appeal." Id. at 2. He also asserts that he has exhausted his administrative remedies with respect to the disciplinary charges brought against him for purported drug use.

With respect to his complaints concerning cell conditions upon his arrival, Plaintiff states that he intended these statements for background purposes only, and he did not intend to raise these in his Complaint as a separate and distinct § 1983 cause of action.

In view of Plaintiff's filings, the Court will permit a summons to issue against Defendant Norton at this time.

Accordingly, it is hereby ORDERED that the clerk shall issue a summons as to Superintendent Paul Norton, and the United States Marshal shall serve a copy of the complaint, summons, and this order as directed by the Plaintiff with all costs of service to be advanced by the United States Marshal's Office. It is FURTHER ORDERED that Plaintiff's allegations concerning cell conditions upon arrival at the prison facility shall not be deemed to present a separate cause of action in this case.

SO ORDERED.

DATED: July 29, 2005

/s/ Nancy Gertner
NANCY GERTNER
UNITED STATES DISTRICT JUDGE