UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES M. FERLAND
    Plaintiff

V.                                         C.A. No. 05-11217-NG

PAUL NORTON, et.al.,
    Defendant.

### COPLIANCE WITH RULE 8(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

    In accordance with RULE 8(a) of the FEDERAL RULES OF CIVIL PROCEDURES, I am including a short and plain statement of my claim showing that I am entitled to relief under FED.R.CIV.P.8(a)(2) I respectfully request this statement be amended to my complaint. I will also place a copy of this statement with each summons and complaint to be served to each of the defendants in this case.

RESPECTFULLY SUBMITTED

JAMES M. FERLAND/INSNO # 106900
BILLERICA HOUSE OF CORRECTIONS
269 TREBLE COVE ROAD
BILLERICA, MASSACHUSETTS
    01862

7-8-05
Dated

(continued)

## STATEMENT OF CLAIM

      I was sentenced to one year in the defendants jail on 11/30/04. At approx. 2:50pm on 12/1/04, officer Ed Conley came to my cell in the new-man section of the jail (cell I-4). He told me that he was going shakedown my room. I existed the cell and was searched and then escorted to the shower area where I waited. About twenty minutes later, another officer approached me and stated; " We found what appears to be crack cocaine in a plastic wrapper"... I informed the officer that I don't do crack and that what he found was not mine. That I had just moved into that cell and that someone must have left that there.

      On 12/2/04 I was brought to DEPUTY KENNETH SILVA'S OFFICE, Who at the time was running the SEGRAGATION UNIT at the Billerica House of Corrections. At that time I was advised that I would be given a DISCIPLINARY Hearing on 12/3/04, Also at that time I was advised of my MIRANDA RIGHTS AND informed by DEPUTY SILVA that outside charges would be pursued. I told him that I understood my MIRANDA RIGHTS and that I was pleading not-guilty to the charges against me.

      On 12/3/04 when I was taken to my hearing which was held be officer Jack Crowley, an officer that works in the segragation unit of the jail. As I entered the office for my hearing the actual sanctions where already coming off the printer of the computer in the office. I stated during the hearing that someone could have left that stuff there before I was placed in that room, Officer Crowley replied "that's impossible because I personally searched that room beforewyou were put in that room. The evidence at the hearing consisted solely on the D-report that Officer Conley wrote. I was found guilty on the totality of charges(prior to any lab report results on the drugs alledgedly found in my room.

      I was sanctioned to 20 days, after completing my 20 days

in Segragation. Captain Kevin Slattery signed an order to ADMINISTRATIVELY SEGRAGATE me for an additional 21 days. This was ordered even though I continued to ask for my urine analsis and the lab results on the drugs they alledgedly found in my room.

Consistantly with institutional procedures, I filed an administrative appeal with SUPERINTENDENT PAUL NORTON, pointing out the lack of evidence to support the charges against me and the failure of the written disposition by the board to explain the reasons for the finding of "GUILTY". Defendant Paul Norton denied my appeal. He also never investigated these facts any further.

After doing 44 days in segragation, I was released into population on 1/13/05. On 1/14/05, I conferred with in-house Legal Service, Attorney LEE GARTENBURG and after his review, I was advised that there was no validity to the charge of VIOLATING A MASSACHUSETTS STATE LAW AND subsequently had that charge dropped Attorney Gartenburg advised me that the administration was still persueing outside charges for possession of crack cocaine.

On March 11, 2005, I was advised by a member of the security dept. that the administration was no longer persuing outside charges against me and that that the lab report finally came back **NEGATIVE** for Cocaine.

PURSUANT To 28 U.S.C. § 1746, I declare under the pains and penalties of perjury that the foregoing is TRUE and CORRECT.

RESPECTFULLY SUBMITTED

*James M. Ferland (PRO SE)*
JAMES M. FERLAND/# 106900 (pro se)
BILLERICA HOUSE OF CORRECTIONS
269 TREBLE COVE ROAD
BILLERICA, MASSACHUSETTS
                01862

7-8-05
DATED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES M. FERLAND,
	Plaintiff

V					C.A. No. 05-11217-NG

PAUL NORTON, et.al.,
	Defendants


A SHOW-CAUSE STATEMENT WHY THE CLAIM
AGAINST SUPERINTENDENT PAUL NORTON SHOULD
NOT BE DISMISSED


(1)  Paul Norton being the Superintendent of the Billerica House of Corrections, While acting in his official capacity or exercising his respondsibilities pursuant to state law is acting under the color of state law.

(2)  Prison personell including the superintendent clearly exercise official power in thier dealings with prisoners every day, so color of law is rarely an issue in prison cases.

(3)  Paul Norton being the official designated to hear prisoner's appeals, he should be held liable in damages for his inaction in curing deficiencies in the disciplinary proceedings of which he was aware of. RIZZO V GOODE, 423 U.S. 362, 370, 371, 376, 96 S.Ct. 598, 603, 604, 606, 46 L.Ed.2d 561 (1976)

(4) As the official designated to hear prisoner's appeals he (the superintendent) had a duty to conduct at least a minimal investigation to determine whether was any merits to plaintiff's appeal. DIMARZO V. CAHILL, 575 F.2d 15, 17-18 and n.3 (1st Cir. 1978) ( " failure to act where there is a duty to act can give rise to an actionable claim under section 1983" )

(5) Based on the reports of the disciplinary board members, Superintendent Paul Norton knew or should have known that plaintiff's rights have been violated. He knew or should have known enough to have investigated further.

(6) Defendant Norton's failure to investigate futher to determine whether had received his constitutional rights constituted reckless disregard of plaintiff's rights and leaves him unable to assert a good faith defense to his liability for damages under 42 U.S.C.§ 1983

(7) The cell conditions were stated in the complaint merely as background, I never meant for the conditions to become or cloud the real issue at hand here. The violation of my constitutional rights under the 5th and 14th amendment of the constitution and the laws of the United Stated. I have no plans to assert this as separate and distinct claim. I respectfully request to this HONORABLE COURT not to dismiss this complaint because of this.

(8) I am enclosing copies of the following documents.

    (A) Copy of my Appeal Form.
    (B) A copy of my Disciplinary Hearing Summary
    (C) A copy of the Record of Disciplinary Hearing & Notice of Findings.

RESPECTFULLY SUBMITTED

*James M. Ferland*

JAMES M. FERLAND ( pro se )

## MIDDLESEX COUNTY - OFFICE OF SHERIFF
## APPEAL FORM

INMATE: **JAMES FERLAND**   I.D.#: **106900**   DATE: **12-3-04**

DISCIPLINARY REPORT #: _____

If you wish to appeal the finding(s) or sanction(s) regarding the disposition of the Disciplinary Report identified above, complete this form and submit it to the Superintendent/designee within seven (7) days of receipt of the hearing results.

- [ ] There was not substantial compliance with the Disciplinary guidelines.
- [X] The decision was not based on substantial evidence.
- [ ] The sanction(s) was not proportionate to the offense.
- [ ] Other

INDICATE IN THE SPACE BELOW THE SPECIFIC GROUNDS FOR YOUR APPEAL

I AM WRITING TO YOU IN THE HOPE THAT YOU MODIFY THE SANCTIONS THAT WERE GIVEN TO ME. FIRST OF ALL HOW CAN I BE FOUND GUILTY WHEN DEPUTY SILVA TOLD ME THAT THE EVIDENCE HAD BEEN SENT TO THE STATE POLICE LAB TO SEE IF IT WAS REAL THAT'S LIKE GOING TO COURT AND THE JUDGE CONVICING AND SENTENCING YOU BEFORE HE SEES ANY EVIDENCE. SECOND I VOLUNTARILY ASKED TO TAKE A URINE WHICH CAME BACK NEGATIVE FOR COCAINE. LAST I AM 43 YEARS OLD AND I HAD MY 25 YEAR OLD BROTHER DIE FROM THAT SHIT. ALSO HOW AM I BREAKING RULE # 36 IF THE DEPUTY WAS NOT SURE IT WAS EVEN REAL

_James Ferland_   12-3-04
INMATE'S SIGNATURE     DATE

- [X] UPHOLD DECISION OF DISCIPLINARY HEARING
- [ ] MODIFY DECISION OF DISCIPLINARY HEARING: _____

_[signature]_   12-23-04
SUPERINTENDENT/DESIGNEE     DATE



James V. DiPaola
Sheriff

# The Commonwealth of Massachusetts
## Middlesex Sheriff's Office
## Disciplinary Hearing Summary

INMATE: Ferland, James 106900

**FINDING(S):**
GUILTY:        25, 36
NOT GUILTY:
DISMISSED:

**SANCTION(S) AND RECOMMENDATION(S):**
1. 25, 10days c/r
2. 36, 10days c/r
3.
4.
5.

**EVIDENCE RELIED UPON TO SUPPORT FINDINGS:**
| X | Disciplinary Report |
|   | Witness Testimony |
|   | Witness Statement(s) |
|   | Reporting Staff Member's Testimony |
|   | Other (describe): Two rocks submitted as evidence |

**REASON FOR SANCTION(S) AND RECOMMENDATION(S):**
Time to reflect on choices you have made

The inmate has been advised of the Disciplinary Board's decision, appeal procedures, and a copy of this document and an Appeal Form has been provided to the inmate.

_Signed_ — Staff Signature      December 3, 2004  Date      10am Time

Hearing Officer: _Jack Crowley_ Signature      December 3, 2004 Date

DisciplinaryBoardFindings.doc 8/27/03

If any testimony or other evidence was excluded or if witnesses requested by the accused were not heard, list below stating the reasons for exclusion: _____

## Sanctions

Sanctions for Each Offense:

| Offense: | Sanction: |
|---|---|
| 25 | 10 DAYS C/R |
| 36 | 10 DAYS C/R |

State the reasons why these sanctions were imposed:     TIME TO REFLECT ON YOUR DRUG USE

Signature of Hearing Officer:    *Jack Crowly* (signature)

Date:    December 3, 2004

430form25(12/99)

*Commonwealth of Massachusetts*
*Middlesex Sheriff's Office*

*Record of Disciplinary Hearing and Notice of Findings*

Name of Inmate:    Ferland, james        INSNO:        106900
Disc. Report Number: _____        Hearing Date:  12/03/04        Time:  10am

*Check List*

1. Was the inmate given at least 24 hours notice of his hearing? Yes X  No ☐ If no, include waiver with record.
2. Was the inmate present before the Board? Yes X  No ☐ If no include waiver.
3. Was the inmate advised of his right to remain silent? Yes  No  If yes, include Miranda Warning Record.
4. Did the inmate request staff assistance? Yes ☐ No X  If yes, who assisted? _____
5. Did the inmate request the presence of an Advisory Board Member? Yes X  No ☐
6. Did the inmate request to:
   . Make a statement? Yes X  No ☐
   . Call witnesses? Yes ☐ No X
   . Present other evidence? Yes ☐ No X
7. Was the inmate advised of his right to appeal? Yes X  No ☐

*Pleas and Findings*

Plea:    Not Guilty X    Guilty

Finding:  Not Guilty ☐    Guilty X    Dismissed: ☐

*Summary of Evidence*

Evidence Relied upon to Support Findings

X Disciplinary Report         ☐ Reporting Officer's Testimony
  Inmate's Testimony          ☐ Other:    PHYSICAL EVIDENCE 2 ROCKS
☐ Testimony of Witnesses

Summary of statement by inmate:    I SEARCHED THE ROOM I DIDN'T CHECK THERE

Summary of testimony and other evidence (use additional sheet if necessary):