UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11217-NG

James Ferland,  )
Plaintiff Pro Se,  )
  )
v.  )
  )
Superintendent Paul Norton, Deputy  )
Kenneth Silva, Captain Kevin Slattery, and  )
Officer Jack Crowley,  )
Defendants.  )
  )

### DEFENDANTS' (SPECIAL SHERIFF PAUL NORTON, DEPUTY KENNETH SILVA, CAPTAIN KEVIN SLATTERY AND OFFICER JACK CROWLEY) ANSWER TO PLAINTIFF'S COMPLAINT

1. Defendants admit that Plaintiff is an inmate in the custody of the Middlesex Sheriff's Office and is currently being held at the Billerica House of Correction. Otherwise, Defendants deny the allegations in Paragraph # 1 of the complaint and call on Plaintiff to prove.

2. Defendants admit that at the relevant times listed in the complaint, Paul Norton was Superintendent of the Billerica House of Correction. Defendant Norton now holds the position of Special Sheriff of Middlesex County. Otherwise, Defendants deny the allegations in Paragraph # 2 of the complaint and call on Plaintiff to prove.

3. Defendants Silva, Slattery and Crowley admit that they were sued by Plaintiff in their official capacities regarding the alleged facts that make up the basis of Plaintiff's complaint. Otherwise, Defendants deny the allegations in Paragraph # 3 of the complaint and call on Plaintiff to prove.

4. Defendants decline to provide an answer to the allegations contained in Paragraph # 4 of Plaintiff's complaint as they constitute nothing more than legal conclusions.

### DEFENDANTS' ANSWERS TO PLAINTIFF'S STATEMENT OF FACTS

Defendants repeat and incorporate all their previous answers as if set forth fully herein.

*4.  Defendants admit that Middlesex Superior Court ordered Plaintiff committed to the Billerica House of Correction on November 30, 2004 to serve a criminal sentence for OUI (4th offense). Otherwise, Defendants deny the allegations in the second Paragraph # 4 of the complaint and call on Plaintiff to prove.

5.  Defendants deny the allegations in Paragraph # 5 of the complaint and call on Plaintiff to prove.

6.  Defendants deny the allegations in Paragraph # 6 of the complaint and call on Plaintiff to prove.

7.  Defendants are without sufficient knowledge or information to affirm or deny the allegations in Paragraph # 7 and call on Plaintiff to prove.

8.  Defendants deny the allegations in Paragraph # 8 of the complaint and call on Plaintiff to prove.

9.  Defendants are without sufficient knowledge or information to affirm or deny the allegations in Paragraph # 9 and call on Plaintiff to prove.

10. Defendants are without sufficient knowledge or information to affirm or deny the allegations in Paragraph # 10 and call on Plaintiff to prove.

11. Defendants are without sufficient knowledge or information to affirm or deny the allegations in Paragraph # 11 and call on Plaintiff to prove.

12. Defendants are without sufficient knowledge or information to affirm or deny the allegations in Paragraph # 12 and call on Plaintiff to prove.

13. Defendants deny the allegations in Paragraph # 13 (a-d) of the complaint and call on Plaintiff to prove.

14. Defendants deny the allegations in Paragraph # 14 of the complaint and call on Plaintiff to prove.

15. Defendants are without sufficient knowledge or information to affirm or deny the allegations in Paragraph # 15 and call on Plaintiff to prove.

16. Defendants admit that Plaintiff received respective 10 day sentences to the Disciplinary Detention Unit ("DDU") for violating institutional rules 25 and 36. Otherwise, Defendants deny the remaining allegations in Paragraph # 16 of the complaint and call on Plaintiff to prove.

17. Defendants admit that following completion of Plaintiff's DDU sentences, Defendants classified Plaintiff to Administrative Segregation pursuant to departmental policy for security reasons. Otherwise, Defendants deny the

remaining allegations in Paragraph # 17 of the complaint and call on Plaintiff to prove.

18. Defendants are without sufficient knowledge or information to affirm or deny the allegations in Paragraph # 18 and call on Plaintiff to prove.

19. Defendants are without sufficient knowledge or information to affirm or deny the allegations in Paragraph # 19 regarding conversations with Attorney Lee Gartenberg and call on Plaintiff to prove. Otherwise, Defendants deny the remaining allegations in Paragraph # 19 of the complaint and call on Plaintiff to prove.

20. Defendants deny the allegations in Paragraph # 20 of the complaint and call on Plaintiff to prove.

### DEFENDANTS' ANSWERS TO PLAINTIFF'S CAUSES OF ACTION

Defendants repeat and incorporate all their previous answers as if set forth fully herein.

21. Defendants deny the allegations in Paragraph # 21 of the complaint and call on Plaintiff to prove.

22. Defendants decline to provide an answer to the allegations contained in Paragraph # 22 of Plaintiff's complaint as they constitute nothing more than legal conclusions.

23. Defendants deny the allegations in Paragraph # 23 of the complaint and call on Plaintiff to prove.

### DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR RELIEF

Defendants repeat and incorporate all their previous answers as if set forth fully herein.

24. Defendants deny the allegations in Paragraph # 24 of the complaint and call on Plaintiff to prove. Additionally, see Defendants' affirmative defenses.

25. Defendants deny the allegations in Paragraph # 25 of the complaint and call on Plaintiff to prove. Additionally, see Defendants' affirmative defenses.

### DEFENDANTS' ANSWERS TO PLAINTIFF'S STATEMENT OF CLAIM

Defendants hereby deny all of the allegations contained in the unnumbered paragraphs specifically entitled "Statement of Claim" and call on Plaintiff to prove.

## AFFIRMATIVE DEFENSES

1. This Court lacks subject matter jurisdiction over Plaintiff's federal constitutional claims because the Defendants are not persons subject to suit under the 11th Amendment. Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002).

2. Plaintiff's state law constitutional claims are also barred against the Defendants because they are not persons subject to suit for civil rights violations.

3. Plaintiff has no proof to support deprivation of his constitutional rights under state law by means of threats, intimidation, or coercion.

4. Plaintiff failed to properly presentment any negligence claims against the Commonwealth to the appropriate executive officer for Middlesex Sheriff's Office pursuant to G. L. c. 258, § 4.

5. Defendants are immune from negligence claims pursuant to G. L. c. 258, § 2.

6. Defendants are immune from intentional torts pursuant to G. L. c. 258, § 10 (c).

7. Plaintiff failed to properly exhaust his administrative remedies pursuant to the Prison Litigation Reform Act -- 42 U.S.C. 1997(e) and Porter v. Nussle, 122 S. ct. 983, 988 (2002).

8. Plaintiff's complaint is time-barred pursuant to G. L. c. 249, § 4.

9. Defendants enjoy qualified immunity and/or exercised their discretionary function.

10. Plaintiff's complaint fails to state claims upon which relief could be granted pursuant to F. R. Civ. P 12.

11. Defendants are immune from suit for monetary and punitive damages.

12. Plaintiff cannot demonstrate a likelihood of success on the merits of his suit pursuant to F. R. Civ. P 65 and Lanier Professional Services, Inc. v. Ricci, 192 F.3d 1, 3 (1st Cir. 1999).

13. Defendants pray for any further relief that the Court may deem just pursuant to 28 U.S.C. § 1915A.

Respectfully submitted,
Middlesex Sheriff's Office Defendants,
By their attorney,

_____
Steven J. Masse, Jr. – BBO # 635157
Middlesex Sheriff's Office, Legal Counsel
40 Thorndike Street, 17th Floor
Cambridge, MA 02141
(617) 494-4400

Dated: 10/13/05

## CERTIFICATE OF SERVICE

I, Steven J. Masse, Jr., hereby certify that I have served true copies of Defendants' Answer to Plaintiff's Complaint to Plaintiff pro se, Inmate James Ferland, 269 Treble Cove Rd., Billerica, MA 01862 by first class mail.

10/13/05