UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES M. FERLAND

v.

SUPERINTENDENT PAUL NORTON, et,al.

CIVIL ACTION
NO. 05-11217-NG

FILED
CLERKS OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS

COMPLAINT                        AMMENDED COMPLAINT

PARTIES INVOLVED

1. JAMES M. FERLAND: Is at all times of this complaint, a prisoner in the constructive care and custody of the defendant (BILLERICA HOUSE OF CORRECTIONS). AT ALL TIMES HE IS THE PETITIONER.

2. SUPERINTENDENT PAUL NORTON: Is at all times of this complaint, the senior jail official, the plaintiff is lodging this complaint against him in a individual capacity for actions under the color of the law. As head administrator he oversees the orderly running of the institution and the care and custody of prison inmates as mandated by law. He governs the jail, including personally overseeing the appeal process for the (DISCIPLINARY BOARD). AT ALL TIMES HE IS THE DEFENDANT.

3. DEPUTY KENNETH SILVA, CAPTAIN KEVIN SLATTERY and OFFICER JACK CROWLEY: Are respondants/defendants as they were parties to the disciplinary tribunal ("members") as is outlined in MASS. FEATHERS V. ALDERMAN 120 N.E.2d. 766, 331 MASS. 527. The plaintiff is also lodging this complaint against these defendant in an individual capacity for their actions under the color of the law also.

JURISDICTION

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## STATEMENT OF FACTS

4) The petitioner was sentenced to one year in the defendants jail on 11/30/04.

5) After the initial intact he was placed in the "New Man" section of the jail. The conditions of the (New Man) section were horrific. The cell (I-4) 3rd. Floor had no light switch, the toilet was six inches from the bed, spiders, roaches and unknown insects were prevelant and rampart. There was grimy debris leaking from the toilet, waste water (sewerage) was in puddles. The ceiling was eroded, the air vents were clogged and unfunctioning. The jail was built in 1929 and has not been renovated to current modernized standards and requirements pursuant to the " Minimum Health and Sanitation " procedures that govern penal institutions.

6) Although the plaintiff had violated no institutional policies he was placed there upon his admitance for 23 hour lock-up period.

7) After the hour recreation period, the plaintiff returned to his cell.

8) At aprox. 2:50 P.M. Officer Edward Conley came to his cell and stated; " I'm shaking your cell down"... The defendant(s) have not complied with the standard cell search policies, which was designed to curtail the planting of false evidence by retalitory and vindictive officers.

9) Twenty minutes later, another officer approached me and stated; " We found what looks to be crack in a plastic wrapper"...

Fact(continued)

10) I informed the officer that "whatever he found is not mine, I don't do drugs..... 'that stuff could have been anyones'.....

11) I was then taken to another holding area and stripped searched, as well as an intrusive cavity search. I gave a urine sample, and then placed in segragation.

12) I was brought to Deputy silvas office on 12/02/04 at about 10:00am

13) I asked him the following questions;
    a) Why are you reading me my rights?
    b) How come I have not been placed on a 72 hour investagation?
    c) How come you have not notified the head of security? Why hasn't an investagation been iniciated into whether a crime has taken place (drugs)?

    d) How come the contraband has not been admitted into evidence pursuant to policy?

    Silva stated, you really think your a jailhouse lawyer huh" The defendant responded, further that he will " not be on the board because it would be a conflict of interest"....

14) On 12/03/04 I was taken for a disciplinary hearing. The actual sanctions were already being processed prior to my hearing.

15) Officer Jack Crowley held the hearing, he went on record as stating that he checked the cell I was placed in it. Atty. Lee Gartenburg confirmed that. Officer Crowley was not an impartial witness and should not have held the hearing.

16) The palintiff was found guilty on the totality of the charges (prior to a drug analysis). I was given 20 days segregation.

17) After completing the 20 day sanction I was given an additional 21 day (Administrative Seg.) This was ordered although I continued to ask for the urine and drug results.

18) After a total of 44 days had expired, I was released into general population.

19) I conffered with the Inmate Attorney, Lee Gartenburg, and after his review I was advised that there was no validitity to the drug charges and the charge was (dropped). But the plaintiff already served time on it. It is clear the tests came back negative, and the due process I was entitled to were violated.

20) To this very day (of this filing) I have received no documents pertaining to the drug or urine testing. The charge for "Violating a law of the Commonwealth was dropped) but it was/is to late I served sanctions of 44 days.

### CAUSE OF ACTION

21) The mere contention that it "appeared" to be drugs should of been followed by due process and the security team should of been given the investigation. See; Exhibit (Disciplinary Policy/mandates)

22) ATTACHED ARE WILLIAMS V. STATE and WRIGHTMAN V. SUPT. whos language clearly demonstrates the violative practices the plaintiff was subjected to.

23. Officer Crowley was not an impartial hearings officer; see **U.S ex Rel. V. Smith(Robinson) 495 F.Supp.697,705 (1980)**

### THE RELIEF

24. Plaintiff is requesting $500.00(Five Hundred Dollars Per Defendant)Per each day of **Unconstitutional,Unwarranted and Violative Detention in Segragation**. Also this inmate is aware of **Due Process Violations** committed in connection with disciplinary charges against him and suffered emotional stress during the course of this inmate attempt to obtain his **Due Process Rights**. (see **LEWIS V. SMITH 855 F.2d 736 (11th cir.1988)**

25. **ORDER OF PROTECTION/INJUNCTION:** To curtail the defendant from transferring the plaintiff to any other jail or to take any type of retaliatory action against the plaintiff.

RESPECTFULLY

*James M. Ferland*

JAMES M. FERLAND (Pro se litigant)
BILLERICA HOUSE OF CORRECTIONS
269 TREBLE COVE ROAD
BILLERICA,MASSACHUSETTS
01862