UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS


JAMES M. FERLAND
Pro se Plaintiff



      v.                                   C.A. No. 05-11217-NG


\


SUPERINTENDENT PAUL NORTON, DEPUTY KENNETH
SILVA, CAPTAIN KEVIN SLATTERY and OFFICER
JAMES CROWLEY.
Defendants


## PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER TO
## PLAINTIFF'S COMPLAINT


1. Plaintiff can prove paragraph #1 by submitting. See Defendant's Answer to Plaintiff's Complaint, James m. Ferland, Plaintiff, Pro Se.

2. Plaintiff can prove paragraph #2 by submitting as evidence. See Exhibit (B) Plaintiff;s Show-cause Statement and Segregation Classification Form.

3. Defendants, Silva, Slattery and Crowley are no longer being sued in thier official capacities, but are now being sued in thier individual capacities for actions under the color of state law. Plaintiff can prove that all 3 defendants named in paragraph #3 were parties to plaintiff's Disciplinary Proceedings. See Exhibit (C) Notice of Disciplinary Hearing, Defendants Motion to Dismiss, Undisputed Facts #17 and Disciplinary Hearing Summary.

4. Plaintiff can offer more than a legal conclusion like the defendants state, Federal court has jurisdiction over federal question cases, which are cases where issues involves violations of Federal Laws.

*4. Plaintiff can prove the allegation in second paragraph #4.
See Exhibit(D) Middlesex Sheriff's Office,Book Memo,Major
Sentence Information.

5. Plaintiff was using Paragraph #5 as merely background.See
Exhibit (B) Show-Cause statement pertaining to cell conditions.

6. Plaintiff was subjected to ∙23-hour lock-up,1hr.recreation or
shower and meal served in his cell.

7. Plaintiff is without suffecent information to Affirm or Deny
the allegation in paragraph #7.

8. Plaintiff can prove allegation(s) in paragraph #8. See Exhibit
(P) Officer Edward Conley's Disciplinary Report.

9. Plaintiff is without suffecent information to Affirm or Deny
the allegation(s) in paragraph #9.

10. Plaintiff is without suffecent information to Affirm or Deny
the allegation(s) in paragraph #10.

11. Plaintiff is without suffecent information to Affirm of Deny
the allegation(s) in paragraph #11.

12. Plaintiff can prove allegation(s) paragraph #12. See Exhibit
(C) Notice of Disciplinary Hearing.

13. Plaintiff can prove 13(a) of paragraph #13.See Exhibit (F)
Miranda Warning,Plaintiff is without suffecent information
to Affirm or Deny 13(b-d) of paragraph #13.

14.Plaintiff can prove allegation(s) in paragraph #14. See Exhibit
(C) Disciplinary Hearing Summary.

15.Plaintiff can prove allegation(s) in paragraph #15. See Exhibit
(C)  Disciplinary Hearing Summary

16. Plaintiff can prove Allegation(s) in paragraph #16. See
    **Exhibit (C) Defendant's Motion to Dismiss,Undisputed Facts,**
    Fact #18.

17. Plaintiff does not have sufficent evidence to Affirm or Deny
    the allegations inparagraph #17.

18. Plaintiff can prove allegation(s) in paragraph #18. **See**
    **Exhibit (C) Defendant's Motion to Dismiss,Undisputed Facts,**
    Fact #27.

19. Plaintiff can prove allegation(s) in paragraph #19. **See**
    **Exhibit (G) Legal Service Memorandum from Attorney Lee**
    **Gartenberg & Exhibit (C) Defendant's Motion to Dismiss,**
    **Undisputed Facts,Fact #28.**

20. Plaintiff can prove the allegation(s) in paragraph #20,
    plaintiff did not recieve copies of urine or drug analysis
    till Oct 13,2005.When plaintiff recieved copies of said
    documents when he recieved defendants motion to dismiss
    package.

21. Plaintiff is without sufficent evidence to Affirm or Deny
    allegation(s) in paragraph #21.

22.Paragraph #22  does not just costitute legal conclusion,
    **See Exhibit (H) Plaintiff's Notes.**

23. Plaintiff can prove allegation(s) in paragraph #23. **See**
    **Exhibit (H) Plaintiff's Notes.**

24. Plaintiff can prove. **See Plaintiff's Answer to Defendant's**
    **Affirmative Defense.**

25. Plaintiff can prove. **See Plaintiff's Answer to Defendant's**
    **Affirmative Defense.**

### RESPONSE TO DEFENDANTS AFFIRMATIVE DEFENSE

1. This court does have subject matter jurisdiction over Plaintiff's Federal Constitutional claim because plaintiff has amended his complaint to state that he is no longer suing the defendants in official capacities any more, Instead they are being sued in thier individual capacities for actions under the color of state law.Therefore, the defendants are persons subject to suit under the 11th amendment. See **Plaintiff's Amended Complaint**.

2. Again because the plaintiff has amended his complaint.Plaintiff's state law claim is no longer barred aginst the defendants because they now are persons subject to suit for civil rights violations.

3. Plaintiff does not have to present proff to support deprivation of his constitutional rights under state law by means of threats, intimidation,or coercion.Because the plaintiff filed a civil rights lawsuit for violation of his due process rights guaranteed to him under the 5th and 14th amendment of the Constitution of the United States of America.

4. Plaintiff  did not have to present any negligence claims against the commonwealth to the appropriate executive officer of the middlesex sheriff's office pursuant to G.L.c.258 § 4. The reasons are two-fold,(1) plaintiff's complaint he filed is not for negligence,but for violation of his due process rights under the 5th and the 14th amendment of Constitution.(2) plain-tiff's lawsuit was filed against the employees of the middlesex sheriff's office,not the employer,the state of Massachusetts, or the Middlesex Sheriff's Office itself.

5. Plaintiff has not filed a negligence claim pursuant to G.L.c. 258, § 2.

6. Plaintiff has not filed an intentional tort claim pursuant to G.L.c. 258, § 10(c).

7. Plaintiff did properly exhaust allhis administrative remedies
   pursuant to the Prison Litigation Reform Act 42 U.S.C. 1997 (e)
   by filing an appeal on Dec.3,2004 for disciplinary charges
   #25 & #36.Charges plaintiff was found guilty of by the defendants.

8. Plaintiff's complaint is not time-barred pursuant to G.L.c. 249
   § 4. Because plaintiff's complaint is not a Writ of Certiorari,
   but a complaint for violating my civil rights,which has a 2 year
   statue of limitation.

9. Defendants inthis case do not enjoy qualified immunity because
   plaintiff has amended his complaint,were defendants are no longer
   being sued inthier official capacities for emotional stress &
   civil rights violation,but instead in thier individual capacities
   for action under the color of the state law.Therefore,the defen-
   dants are not insulated from liability.

10. Now that the plaintiff has amended his complaint,relief can
    be granted pursuant to F.R.Civ.P12.

11. Defendants are no longer immune from suit for monetary and
    punitive damages,because defendants are no longer being sued
    in thier official capacities,but instead in thier individual
    capacities for actions under the color of state law.

12. Plaintiff can demonstrate a likelyhood of success on the merits
    of his suit,because of the evidence and documentation he
    possesses.

13. Plaintiff prays for any relief that the court may deem just
    pursuant to 28 U.S.C. § 1915A.

RESPECTFULLY SUBMITTED

James M. Ferland

JAMES M.FERLAND/PLAINTIFF,PRO SE

**EXHIBIT** "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-11217-NG

James Ferland,                            )
Plaintiff Pro Se,                         )
                                          )
v.                                        )
                                          )
Superintendent Paul Norton, Deputy        )
Kenneth Silva, Captain Kevin Slattery, and )
Officer Jack Crowley,                     )
Defendants.                               )
                                          )

## NOTICE OF APPEARANCE ON BEHALF OF DEFENDANT SPECIAL SHERIFF PAUL NORTON, DEPUTY KENNETH SILVA, CAPTAIN KEVIN SLATTERY AND OFFICER JACK CROWLEY

Pursuant to Federal Local Rule 83.5.2 (a), please enter my appearance for the

above-referenced Defendants in this action.

Respectfully submitted,
Middlesex Sheriff's Office Defendants,
By their attorney,

Steven J. Masse, Jr.
Middlesex Sheriff's Office, Legal Counsel
40 Thorndike Street, 17th Floor
Cambridge, MA 02141
(617) 494-4400

Dated: 10/13/05

**EXHIBIT** B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


JAMES M. FERLAND,
          Plaintiff

V                                        C.A. No. 05-11217-NG

PAUL NORTON, et.al.,
          Defendants


### A SHOW-CAUSE STATEMENT WHY THE CLAIM
### AGAINST SUPERINTENDENT PAUL NORTON SHOULD
### NOT BE DISMISSED


(1)   Paul Norton being the Superintendent of the Billerica House
of Corrections,While acting in his official capacity or exercising
his respondsibilities pursuant to state law is acting under the
color of state law.

(2)   Prison personell including the superintendent clearly exercise
official power in thier dealings with prisoners every day, so color
of law is rarely an issue in prison cases.

(3)   Paul Norton being the official designated to hear prisoner's
appeals,he should be held liable in damages for his inaction in curing
deficiencies in the disciplinary proceedings of which he was aware
of. RIZZO  V  GOODE,423 U.S.362,370,371,376,96 S.Ct.598,603,604,606,
46 L.Ed.2d 561 (1976)

(4)  As the official designated to hear prisoner's appeals
he (the superintendent) had a duty to conduct at least a minimal
investigation to determine whether was any merits to plaintiff's
appeal. DIMARZO  V.  CAHILL,575 F.2d 15,17-18 and n.3 (1st Cir.1978)
( " failure to act where there is a duty to act can give rise to
an actionable claim under section 1983" )

(5)  Based on the reports of the disciplinary board members,Super-
intendent Paul Norton knew or should have known that plaintiff's
rights have been violated. He knew or should have known enough to
have investigated further.

(6)  Defendant Norton's failure to investigate futher to determine
whether had received his constitutional rights constituted reckless
disregard of plaintiff's rights and leaves him unable to assert a
good faith defense to his liability for damages under 42 U.S.C.§ 1983

(7)  The cell conditions were stated in the complaint merely as
background, I never meant for the conditions to become or cloud
the real issue at hand here. The violation of my constitutional
rights under the 5th and 14th amendment of the constitution and
the laws of the United Stated. I have no plans to assert this
as separate and distinct claim. I respectfully request to this
HONORABLE COURT not to dismiss this complaint because of this.

(8)  I am enclosing copies of the following documents.

    (A)  Copy of my Appeal Form.
    (B)  A copy of my Disciplinary Hearing Summary
    (C)  A copy of the Record of Disciplinary Hearing & Notice
         of Findings.

RESPECTFULLY SUBMITTED

James M Ferland

JAMES M.FERLAND ( pro se )

*Middlesex Sheriff's Office*
Segregation Classification

INMATE: _Ferland, James_    #: _106900_

DATE: _12/21/04_  TYPE ⟨✓Initial⟩    Review ⟨E.B⟩

DATE ADMITTED TO UNIT: _12/20/04_

HOW ADMITTED:    ✓Segregation Notice

✓Completed Disciplinary Sanction

CURRENT STATUS LEVEL    I    II    III    N/A

COMMENTS: _____

_____

## RECOMMENDATION OF CLASSIFICATION COMMITTEE

Return to the general population

⟨Classify/Remain in Administrative Segregation⟩

## INDIVIDUAL SERVICE PLAN

⟨Level I⟩    Level II    Level III    Vote 3/0

Requirements: _____

_____

## BOARD MEMBERS

s/o Howes, , Deputy Silva, c/o Morrissey

## DECISION OF SUPERINTENDENT

⟨Approve⟩    Modify    Deny

Comments: _____

_____ Superintendent          _12/28/04_ Date

**EXHIBIT** 

population who are temporarily segregated by order of a Shift Commander when the inmate's presence in general population poses a threat to the institution.

22.    Defendants deemed "[Plaintiff's] continued presence in the general population pose[d] a serious threat to life, property, yourself, staff or other inmates, or to the security or orderly running of this facility." See Deputy Peter Bolton's Notice of Temporary Assignment from DDU to the Administrative Segregation dated December 20, 2004.

23.    Specifically, Defendants placed the Plaintiff on Special Management status because of the results of the urine test. See Middlesex Sheriff's Office Policy & Procedure 423H, p. 3, paragraph 3 and p. 12, paragraph b.

24.    In addition to the urine test, the Defendants classified Plaintiff to Administrative Segregation because the Crime Lab had yet to furnish the analysis of the "rock like" substances.

25.    Discovery of the substances was a serious breach of institutional security.

26.    Deputy Silva attested to past instances where inmates had distributed counterfeit substances to other prisoners leading to dangerous consequences for inmates and fellow officers.[5]

27.    On January 12, 2005, Defendant Superintendent Paul Norton approved Plaintiff's classification from the Special Management's Administrative Segregation Unit back into the general population. See Segregation Classification Form dated January 12, 2005.

28.    On February 7, 2005, the Crime Lab testing revealed that the "rock like" substances found in Plaintiff's cell were negative for cocaine. See Drug Certification dated February 9, 2005.

29.    The negative results on the "rock like" substances in no way negated the evidence required to support charge # 36 because Plaintiff tested positive for the Class D substance (marijuana).

30.    From these facts, Plaintiff asserted that his confinement to the DDU and reclassification to the Administrative Segregation Unit caused him "emotional stress"; violated his due process rights; and was per se "unconstitutional". See Complaint, paragraphs 18 & 21-26.

_____

[5] According to Deputy Silva's affidavit, a fake drug is also known as a "beat rock" because the inmates who purchase these substances feel tricked or "beaten" by the dealer.

13.    Following the search of his person, Plaintiff was placed in the Disciplinary
       Detention Unit ("DDU") pending a disciplinary hearing on institutional
       charge # 25 (**"[p]ossession of anything, including money or currency
       not authorized for retention or receipt by the inmate"**) and charge # 36
       (**"[v]iolating any law of the Commonwealth of Massachusetts or the
       United States of America"**). See Middlesex Sheriff's Office's BHOC
       Inmate Handbook, p. 14.

14.    According to the Defendants' policy 423H, DDU "is a form of separation
       from the general population **in which inmates committing serious rule
       violations** are, by decision of a disciplinary officer, confined to cells
       separate from the general population and whose privileges are restricted
       for a finite period of time." (Emphasis supplied).

15.    The Defendants predicated institutional charge # 36 on the violation of
       Chapter 94C because Plaintiff's urine test result was positive for the
       presence of marijuana.[4]

16.    On December 2, 2004, Defendants notified Plaintiff that his disciplinary
       hearing would be conducted on December 3, 2004. See Notice of
       Disciplinary Hearing & Complaint, paragraphs 12-14.

17.    On December 3, 2004, the Defendants' Disciplinary Board (apparently
       comprised of Officer Crowley and Captain Slattery) found Plaintiff guilty
       on both charges. See Record of Disciplinary hearing and Notice of
       Findings dated December 3, 2004.

18.    Consequently, Inmate Ferland received two (2) consecutive ten (10) day
       sentences to the DDU. See Record of Disciplinary hearing and Notice of
       Findings dated December 3, 2004 & Complaint, paragraph 16.

19.    On December 7, 2004, the Defendants submitted the "rock like" substance
       to the State Police Crime Lab in Sudbury, Massachusetts for analysis. See
       Narcotic Custody Form.

20.    Days before Plaintiff's release from the DDU, Defendants reclassified
       Ferland to the Administrative Segregation Unit of the Special
       Management Program. See Deputy Peter Bolton's Notice of Temporary
       Assignment from DDU to the Administrative Segregation dated December
       20, 2004.

21.    According to the terms of Policy 423H, Administrative Segregation is a
       designated housing area for the separation of inmates from the general

_____

[4] Marijuana is a Class D controlled substance under G. L. c. 94C, §§ 31 & 34.

3

## MIDDLESEX COUNY - OFFICE OF SHERIFF

## NOTICE OF DISCIPLINARY HEARING

TO: (INMATE): _Ferland Jones_    I.D.#: _106 800_

RE: DISCIPLINARY REPORT #: _____    CHARGES(S): _25, 36_

You have been charged with the above disciplinary charge(s) (Code of
Offenses) which have been referred to the Disciplinary Board for a hearing. The
charge(s) (Code of Offenses) are listed on the reverse side of this notice, and
a description of the offense(s) charged are contained in the attached Disciplinary
Report.

A hearing on this Disciplinary Report will be held on _12/3/04_ at
approximately _10_ AM/PM.* You will be asked to appear before the
Disciplinary Board at that time, however, you may waive your right to be present at
the Hearing.

If you wish to be assisted by a staff member, to call witnesses, or to waive your
right to appear at the Disciplinary Board Hearing, complete the relevant section(s)
of the attached Request for Staff Assistance and/or Witness - Waiver of Hearing
form and forward it to the Disciplinary Officer prior to the end of the day.

I have personally delivered a copy of this notice with the referenced Disciplinary
Report and a Request for Staff Assistance and/or Witness - Waiver of Hearing form
attached to the inmate identified above:

_____
Signature

_Kenneth Silva_
Printed Name

_12/2/04_                    _10 AM_
Date                          Time

* Note: The actual scheduling of the hearing may be delayed if circumstances require; however,
you will have at least twenty-four (24) hours notice prior to the actual hearing.

*Commonwealth of Massachusetts*
*Middlesex Sheriff's Office*

*Record of Disciplinary Hearing and Notice of Findings*

| | | | | | |
|---|---|---|---|---|---|
| Name of Inmate: | Ferland,james | INSNO: | 106900 | | |
| Disc. Report Number: | | Hearing Date: | 12/03/04 | Time: | 10am |

*Check List*

1. Was the inmate given at least 24 hours notice of his hearing? Yes X No ☐ If no, include waiver with record.
2. Was the inmate present before the Board? Yes X No ☐ If no include waiver.
3. Was the inmate advised of his right to remain silent? Yes No If yes, include Miranda Warning Record.
4. Did the inmate request staff assistance? Yes ☐ No X If yes, who assisted? _____
5. Did the inmate request the presence of an Advisory Board Member? Yes X No ☐
6. Did the inmate request to:
   . Make a statement? Yes X No ☐
   . Call witnesses? Yes ☐ No X
   . Present other evidence? Yes ☐ No X
7. Was the inmate advised of his right to appeal? YesX No ☐

*Pleas and Findings*

Plea:    Not Guilty X    Guilty

Finding:   Not Guilty ☐    Guilty X    Dismissed: ☐

*Summary of Evidence*

Evidence Relied upon to Support Findings

| | |
|---|---|
| X Disciplinary Report | ☐ Reporting Officer's Testimony |
| Inmate's Testimony | ☐ Other:   PHYSICAL EVIDENCE 2 ROCKS |
| ☐ Testimony of Witnesses | |

Summary of statement by inmate:    I SEARCHED THE ROOM I DIDN'T CHECK THERE

Summary of testimony and other evidence (use additional sheet if necessary): _____



*The Commonwealth of Massachusetts*
*Middlesex Sheriff's Office*
*Disciplinary Hearing*
*Summary*

James V. DiPaola
Sheriff

INMATE: Ferland,James 106900

| FINDING(S): | |
|---|---|
| GUILTY: | 25,36 |
| NOT GUILTY: | |
| DISMISSED: | |

SANCTION(S) AND RECOMMENDATION(S):
1.    25, 10days c/r
2.    36, 10days c/r
3.
4.
5.

EVIDENCE RELIED UPON TO SUPPORT FINDINGS:

| X | Disciplinary Report |
|---|---|
| | Witness Testimony |
| | Witness Statement(s) |
| | Reporting Staff Member's Testimony |
| | Other (describe):  Two rocks submitted as evidence |

REASON FOR SANCTION(S) AND RECOMMENDATION(S):
Time to reflect on choices you have made

The inmate has been advised of the Disciplinary Board's decision, appeal procedures, and a copy of this document and an Appeal Form has been provided to the inmate.

Staff Signature                December 3, 2004                10am
                                    Date                              Time

Hearing Officer: _Jack Crowly_                December 3, 2004
                        Signature                              Date

DisciplinaryBoardFindings.doc 8/27/03

If any testimony or other evidence was excluded or if witnesses requested by the accused were not heard, list below stating the reasons for exclusion: _____

_____
_____
_____

*Sanctions*

Sanctions for Each Offense:

| Offense: | Sanction: |
|----------|-----------|
| 25 | 10 DAYS C/R |
| 36 | 10 DAYS C/R |
| | |
| | |

State the reasons why these sanctions were imposed:    TIME TO REFLECT ON YOUR DRUG
USE

_____
_____
_____

Signature of Hearing Officer:    _Jack Crowly_ _____

Date:    December 3, 2004 _____

**EXHIBIT** D

12/02/04    Middlesex Sheriff's Office - Billerica House of Correction

## Book Memo



#106900
Ferland, James, Michael

# @03524

Alias:                          Ssno:  **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**

Address: **34 ARROW HEAD RD**         City: **BELLINGHAM**        State: **MA**   Zip:

Birth:    **WOONSOCKET,RI**           DOB: **11/20/61**                 Age: **43**
Height:   **508**                     Weight: **215**                   Complexion: **LT**
Eyes:     **BL**         Build: **LRG**    Hair: **BD**    Sex: **M**    Race: **CAU**

Father's Name:   **FERLAND, SYLVIO**         Birthplace: **WOONSOCKET, RI**
Address: **DECEASED**              City:                State:      Zip:

Mother's Name(Maiden):   **(BARR) FAYE**       Birthplace: **CHARLET, NC**
Address: **DECEASED**              City:                State:      Zip:

Marital Status:   **SG**           Number of Children:   **0**
Wife's Name(Maiden):
Address:                          City:                State:      Zip:

### Emergency Notification Information

Name:    **SANTAMARIA, LYNN**                      Relation: **G/F**
Address:  **SAME AS INMATE**                        Phone: **508-966-4745**

Religion: **CATH**           Occupation:   **SCAFFOLDING**              Education:   **13**

Veteran: **No**              Citizen: **Yes**
Physical Condition:    **GOOD**                    Drug/Alcohol Dependency:   **NO**
Money Upon Commitment:                            Last Worked:
Distinguishing Marks:   **B-MARK L-ARM**
Warrants: **No**                     Type of Risk:  **N/A**
Incarceration History:   **MCIC**                   License:

### Major Sentence Information

| DOC: | **11/30/04** | Court: | **CAM SU** | Dock#: **2004-96-001** | Arrest Agency: **HOPKINTON** |
|---|---|---|---|---|---|
| Offense: | **OUIL 4TH** | | | Sentence: **1 YEAR** | Category: **DRAL** |

Sent. Date: **11/30/04**          Jail Credits:   **1**

EFF Date: **11/29/04**            EOSDate: **11/28/05**

Max Date: **11/28/05**            P/E Date: **11/23/05**         Type of Commit: **SEN**

Comments:                                        Booking Officer:   **SPS**

**EXHIBIT** $E$

# The Commonwealth of Massachusetts
## Middlesex Sheriff's Office

### DISCIPLINARY REPORT

| TO BE COMPLETED BY THE DISCIPLINARY OFFICE | | | |
|---|---|---|---|
| Major: _____ Minor: _____ Report #: _____ Date: _____ | | | |
| Disciplinary Officer: _____ | | | |

FACILITY: Billerica ....
UNIT: Main Building
CODES: 25,36 ·

INMATE:   Ferland ,          James                    I. D. #:  106900

### DESCRIPTION OF OFFENSE:

On 12-1-04 at approx. 2:50 p.m. Deputy Silva asked me to shakedown cell I-4. The
inmate who occupies this cell is James Ferland #106900. The inmate was searched
before he left the cell and then escorted to the shower room. During the search of this cell
two small "rock's" that appeared to be crack cocain,were wraped in plastic were found in
the corner of the bottom shelf. This evidence was given to Deputy Silva and inmate
Ferland was escorted to seg.



**Signature of Reporting Officer**

**12/1/04 3:19 PM**
Date and Time Reported ·

**Name of the Reporting Officer**

Inmate Placed on Lock-in Status?    Yes: ____  No: ____    Unit: _____
Copy of Report Served to the Inmate?   Yes: ____
Informal Action Taken by Supervisor:

(Supervisor's Signature)                            Date

# EXHIBIT "F"

# MIRANDA WARNING

The following warning and questions shall be read/asked prior to questioning any inmate regarding any matter for which the inmate may be criminally charged. In the event that the inmate states he does not wish to speak to the matter, the inmate shall not be asked or compelled to answer any questions. Additionally, if the inmate initially states that he does wish to speak to the matter

1.    You have the right to remain silent.  ✓

2.    Anything you say may be used against you in a court of law.  ✓

3.    You have the right to have an attorney present during any questioning.  ✓

4.    If you wish to speak to an attorney, but cannot afford one, one will be appointed to your before any questioning.  ✓

Do you understand each of these rights I have read to you?    (YES)    NO

With these rights in mind, do you wish to speak to us now without an attorney present?    YES    NO

INMATE'S NAME: _Ecland    James_    COMMITMENT #: _10690_

DATE: _12/2/04_

PREPARED BY: _Dep. Knot_

WITNESSED BY: _____

**EXHIBIT** G

# LEGAL SERVICES
# MEMORANDUM

**To: James Ferland, B-21**
**From: Atty. Lee Gartenberg**
**Re: D-Board Appeal**
**Date: 1/14/2005**

**One of the two charges was overturned (violating laws of the Commonwealth) and the sanction was reduced by 10 days. The contraband charge was upheld because they had evidence that the cell was shaken down immediately prior to you being assigned there and the alleged contraband was found afterward.**

**EXHIBIT** H

P. 288
SELF
LITIGATION

J. URINALYSIS, POLYGRAPHY AND OTHER SCIENTIFIC TESTS

BOOK 252 1. WILLIAMS VS STATE 461 SO. 2d 1335, 1338 (ALA CRIM-
APP) UNQUALIFIED OFFICER'S STATEMENT THAT MATERIAL
"APPEARED TO BE MARIJUANA" WAS NOT SUBSTANTIAL

#22 ⟩ EVIDENCE. CERT DENIED 461 SO. 2d 1339

252 2. WRIGHTMAN VS SUPERINTENDENT MASS. CORRECTIONAL
INSTITUTION WALPOLE. 19 MASS APP 422, 475 N.E 2d
85, 88-89 (MASS APP 1985) STATEMENT BY UNQUALIFIED
#22 ⟩ PERSON THAT HE "BELIEVED" AN UNKNOWN SUBSTANCE
TO BE "ANGEL DUST" WAS INSUFFICENT TO SUPPORT
A DRUG CONVICTION

PAGE 280 H. IMPARTIAL TRIBUNAL

211 1. HODGES VS SCULLY, 141 A.D. 2d 729, 529 N.Y.S.
2d 832, 834 (N.Y APP. DIV. 1988) A HEARING OFFICER
WHO ALREADY HAD A WRITTEN AND SIGNED DISPOSITION
Conflict
see
Crowley
notes
IN FRONT OF HIM WHILE HE CONDUCTED THE HEARING
COMMITTED A "PATENT VIOLATION" OF THE RIGHT OF
IMPARTIALITY.

I. STANDARD OF PROOF

233 1. UNITED STATES EX REL. SMITH VS ROBINSON 495
F SUPP. 696, 701 (E. D. PA 1980) CONTRABAND CHARGE
#22 ⟩ WAS NOT SUPPORTED BY ANY EVIDENCE THAT SEIZED
ITEMS WERE REALLY CONTRABAND.